**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ROBERT E. OGLE, RECEIVER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-cv-00129-O-BP** |
| | § | |
| **LARRY C. CABELKA, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Ogle filed two Motions to Dismiss currently before the Court. ECF Nos. 36-37. The first seeks to dismiss Defendants Iman Wayne Davidson and Leah Michelle Davidson; the second seeks to dismiss Defendants Scot M. Hilbert, D.V.M. and Dana D. Hilbert. *Id.* After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** Ogle's claims against those Defendants **without prejudice**.

## I.      BACKGROUND

This case arises out of the enforcement of Ogle's Receivership in a litigation saga connected to the tax liability of Defendants' colleague, Larry Cecil Cabelka. *See* Cause Nos. 7:16-cv-00126-O-BP; 7:18-cv-00174-O-BP. Through extensive discovery in those actions, Ogle uncovered reason to believe Cabelka transferred certain real property interests to Defendants. *See* ECF No. 1. He filed suit to obtain any such interests, which are the Receiver's rightful entitlement under the Receivership Orders in the above referenced actions. *See* ECF Nos. 324 in Cause No. 7:16-cv-00126-O-BP; 76 in Cause No. 7:18-cv-00174-O-BP. The parties are otherwise familiar with the case's factual and procedural background.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(a)(2), a case "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court has full discretion to grant or deny Rule 41(a)(2) motions. *U.S. ex re. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). But "as a general rule, motions for voluntary dismissal should be freely granted." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In fact, Courts should only refuse such motions if granting them would clearly prejudice the defendants. *Davis v. Huskipower Outdoor Equipment Co.*, 936 F.2d 193, 198-99 (5th Cir. 1991).

## III.    ANALYSIS

The Motions necessitate no analytical rigor. Ogle sued Defendants for any interests they had in the disputed real property. ECF No. 1. On May 2, 2022, Defendants Scot M. Hilbert, D.V.M. and Dana D. Hilbert disclaimed all interests in the subject real property and conveyed a quitclaim deed to Ogle. *See* ECF No. 37-1 at 1-4. On May 16, 2022, Defendants Iman Wayne Davidson and Leah Michelle Davidson similarly disclaimed all interests in the relevant real property and conveyed a quitclaim deed to Ogle. *See* ECF No. 36-1 at 1-4. Dismissal will not prejudice Defendants. *See Davis*, 936 F.2d at 198-99. And the Court should freely grant such dismissals. *See Elbaor*, 279 F.3d at 317. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motions (ECF Nos. 36-37) and **DISMISS** Ogle's claims against Defendants Iman Wayne Davidson, Leah Michelle Davidson, Scot M. Hilbert, and Dana D. Hilbert **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on May 26, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE