IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROBERT E. OGLE, RECEIVER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00129-O-BP |
| § | |
| LARRY C. CABELKA, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Robert Ogle's Motion to Dismiss Defendant Rebecca J. Thorp, as Trustee of the Thorp Family Trust Only ("Motion"), filed July 18, 2022. ECF No. 40. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** Ogle's claims against Defendant Thorp, as Trustee of the Thorp Family Trust, **without prejudice**.

**I.   BACKGROUND**

This case arises out of the enforcement of Ogle's Receivership in a litigation saga connected to the tax liability of Larry Cecil Cabelka. *See* Cause Nos. 7:16-cv-00126-O-BP; 7:18-cv-00174-O-BP. Discovery in those actions led Ogle to believe Cabelka had transferred certain real property interests to various defendants, including Defendant Thorp, as Trustee of the Thorp Family Trust. *See* ECF No. 1. He filed suit to obtain any such interests, which are the Receiver's rightful entitlement under the Receivership Orders in the above referenced actions. *See* ECF Nos. 324 in Cause No. 7:16-cv-00126-O-BP; 76 in Cause No. 7:18-cv-00174-O-BP. The parties are otherwise familiar with the case's factual and procedural background.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(a)(2), a case "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court has full discretion to grant or deny Rule 41(a)(2) motions. *U.S. ex re. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). But "as a general rule, motions for voluntary dismissal should be freely granted." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In fact, Courts should only refuse such motions if granting them would clearly prejudice the defendants. *Davis v. Huskipower Outdoor Equipment Co.*, 936 F.2d 193, 198-99 (5th Cir. 1991).

## III. ANALYSIS

The instant Motion is straightforward. Ogle sued Thorp for any interests she may have, or the Thorp Family Trust may have, in the disputed real property. ECF No. 1. On March 3, 2022, Thorp disclaimed all interests in the subject real property and signed a quitclaim deed to Ogle. *See* ECF No. 40-1. Dismissal will not prejudice Thorp. *See Davis*, 936 F.2d at 198-99. And absent such prejudice, the Court should freely grant Rule 41(a)(2) dismissals. *See Elbaor*, 279 F.3d at 317. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 40) and **DISMISS** Ogle's claims against Defendant Rebecca Thorp, as Trustee of the Thorp Family Trust, **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on July 21, 2022.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE