IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROBERT E. OGLE, RECEIVER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00129-O-BP |
| § | |
| LARRY C. CABELKA, *et al.*, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Joint Motion to Approve Sale of Subject Property to Weston Hoodenpyle, for Expedited Ruling, and Supporting Brief ("Joint Motion") filed December 21, 2023. ECF No. 63. As of the date of these findings, conclusions, and recommendation, no party has filed a response to the Joint Motion.

After reviewing the Joint Motion and relevant authorities, and noting that Defendants have not filed a response to the Motion, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Joint Motion (ECF No. 63).

On January 30, 2018, the Court entered an Amended Final Judgment in *United States of America vs. Larry Cecil Cabelka,* Case No. 7:16-cv-00126-BP-O against Defendant Larry Cabelka in the amount of $26,400,532.02 ("the Amended Judgment"). ECF No. 224. The United States Court of Appeals for the Fifth Circuit affirmed the Amended Judgment on March 26, 2019. *United States v. Larry Cecil Cabelka*, 766 F. App'x 57 (5th Cir. 2019).

By Order dated March 22, 2021, the Court appointed Robert E. Ogle as Receiver to take possession of property Cabelka owned that could be sold to help satisfy the Amended Judgment. ECF No. 324 (No. 7:16-cv-00174). That Order requires that the Receiver obtain the Court's

permission to sell property. In the pending Joint Motion in the instant case, the Receiver seeks the Court's permission to sell certain property located in Cotton County, Oklahoma ("the Hoodenpyle Property") in partial satisfaction of the Amended Judgment. ECF No. 63. The Hoodenpyle Property is described in Exhibit A included in the Joint Motion. ECF No. 63-1.

The Receiver has identified a potential buyer, Weston Hoodenpyle, who has agreed to purchase the Hoodenpyle Property for $727,100.00, "as is," subject to approval of the Court. *See* ECF Nos. 63 at 2, 63-2 at 4. The sales price equates to approximately $2,200.00 per acre. ECF No. 63 at 2. Weston Hoodenpyle has submitted the highest offer on the property. *Id.* at 2-3. His offer is subject to obtaining financing from a local bank. *Id.*

The proposed sale of the Hoodenpyle Property appears to be "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor approve and confirm the proposed sale of the Hoodenpyle Property to Weston Hoodenpyle for the amount of $727,100.00 in the form included in the Joint Motion to Approve Sale of Subject Property to Weston Hoodenpyle, for Expedited Ruling, and Supporting Brief. ECF No. 63.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 24, 2024.

                                         Hal R. Ray, Jr.
                                         UNITED STATES MAGISTRATE JUDGE